1

2

3

4

5

6

7

8              IN THE UNITED STATES DISTRICT COURT

9            FOR THE EASTERN DISTRICT OF CALIFORNIA

10   LONZELL GREEN,

11          Plaintiff,              No. CIV S-07-2487 LKK DAD P

12      vs.

13   JAMES WALKER, et al.,

14          Defendants.            ORDER

15   _____/

16          Plaintiff is a state prisoner proceeding pro se.  On October 22, 2007, plaintiff

17   commenced this civil rights action in the United States District Court for the Northern District of

18   California by filing a civil rights complaint.  On November 9, 2007, the Northern District

19   transferred the case to this court, which has proper venue.  This proceeding was referred to the

20   undersigned magistrate judge in accordance with Local Rule 72-302 and 28 U.S.C. § 636(b)(1).

21   /////

22   /////

23   /////

24   /////

25   /////

26   /////

1    Plaintiff has submitted an in forma pauperis application that makes the showing

2    required by 28 U.S.C. § 1915(a).  Accordingly, plaintiff will be granted leave to proceed in forma

3    pauperis.[1]

4    Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  <u>See</u>

5    28 U.S.C. §§ 1914(a) & 1915(b)(1).  An initial partial filing fee of $11.67 will be assessed by this

6    order.  <u>See</u> 28 U.S.C. § 1915(b)(1).  By separate order, the court will direct the appropriate

7    agency to collect the initial partial filing fee from plaintiff's prison trust account and forward it to

8    the Clerk of the Court.  Thereafter, plaintiff will be obligated to make monthly payments of

9    twenty percent of the preceding month's income credited to plaintiff's prison trust account.

10   These payments will be collected and forwarded by the appropriate agency to the Clerk of the

11   Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in

12   full.  <u>See</u> 28 U.S.C. § 1915(b)(2).

13   The court is required to screen complaints brought by prisoners seeking relief

14   against a governmental entity or an officer or employee of a governmental entity.  <u>See</u> 28 U.S.C.

15   § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised

16   claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be

17   granted, or that seek monetary relief from a defendant who is immune from such relief.  <u>See</u> 28

18   U.S.C. § 1915A(b)(1) & (2).

19   A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

20   <u>Neitzke v. Williams</u>, 490 U.S. 319, 325 (1989); <u>Franklin v. Murphy</u>, 745 F.2d 1221, 1227-28

21   (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

22

23   _____

     [1] On January 9, 2008, this court issued findings and recommendations, recommending
24   that this action be dismissed due to plaintiff's failure to either pay the required filing fee or file a
     properly completed application to proceed in forma pauperis.  Plaintiff objected to the findings
     and recommendations and requested an extension of time to comply with the court's order.
25   Plaintiff has timely filed a properly completed application to proceed in forma pauperis.
     Accordingly, the court will vacate its findings and recommendations and allow the case to
26   proceed.

1   indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

2   490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

3   pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th

4   Cir. 1989); Franklin, 745 F.2d at 1227.

5   　　　　Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and

6   plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the

7   defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic

8   Corp. v. Twombly, ___ U.S. ___, ___, 127 S. Ct. 1955, 1964 (2007) (quoting Conley v. Gibson,

9   355 U.S. 41, 47 (1957)).  However, in order to survive dismissal for failure to state a claim a

10  complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it

11  must contain factual allegations sufficient "to raise a right to relief above the speculative level."

12  Bell Atlantic, 127 S. Ct. at 1965.  In reviewing a complaint under this standard, the court must

13  accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital

14  Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the

15  plaintiff, and resolve all doubts in the plaintiff's favor.  Jenkins v. McKeithen, 395 U.S. 411, 421

16  (1969).

17  　　　　The Civil Rights Act under which this action was filed provides as follows:

18  　　　　Every person who, under color of [state law] . . . subjects, or causes
    　　　　to be subjected, any citizen of the United States . . . to the
19  　　　　deprivation of any rights, privileges, or immunities secured by the
    　　　　Constitution . . . shall be liable to the party injured in an action at
20  　　　　law, suit in equity, or other proper proceeding for redress.

21  42 U.S.C. § 1983.  The statute requires that there be an actual connection or link between the

22  actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See

23  Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362

24  (1976).  "A person 'subjects' another to the deprivation of a constitutional right, within the

25  meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or

26  /////

3

1   omits to perform an act which he is legally required to do that causes the deprivation of which

2   complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

3          Moreover, supervisory personnel are generally not liable under § 1983 for the

4   actions of their employees under a theory of respondeat superior and, therefore, when a named

5   defendant holds a supervisorial position, the causal link between him and the claimed

6   constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862

7   (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978).  Vague and conclusory

8   allegations concerning the involvement of official personnel in civil rights violations are not

9   sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

10          Plaintiff's complaint is a difficult to decipher, ten page, hand-written, unsigned

11   document to which plaintiff has attached approximately thirty-five pages of miscellaneous

12   exhibits.  In his complaint plaintiff has named as defendants Associate Warden James Walker,

13   Correctional Captain R. Mandevill, Correctional Lieutenant D. Baughman, Correctional

14   Lieutenant R. Ramos, Correctional Lieutenant C. Tennison, Correctional Lieutenant J. Cantu,

15   Correctional Sergeant D. Roth, Correctional Sergeant S. Barleski, Correctional Sergeant Rios,

16   Correctional Sergeant Gibson, Correctional Sergeant M. Murry, Correctional Sergeant R.

17   Dickinson, Correctional Counselor A. Masuret, Correctional Counselor T. Woods, Correctional

18   Officer Darosa, Correctional Officer P. Stotts, Correctional Officer M. Roberts, Correctional

19   Officer G. Wooden, Correctional Sergeant G. Blodgett, Correctional Officer J. Porter,

20   Correctional Officer D. Sherburn, Correctional Officer T. Snyder, Correctional Officer J. Valice,

21   Correctional Officer S. Boyack, Correctional Officer J. Prentice, and Registered Nurse R. Hale.

22   Plaintiff alleges that all of the twenty-six named defendants are employed at New Folsom State

23   Prison and are members of "The New Untouchable Green Wall Gang Infamous Domestic

24   Terrorist Organization."

25          Plaintiff alleges that he is a mentally ill patient who is illegally confined at New

26   Folsom State Prison.  Plaintiff further alleges that defendants have subjected him to

4

1  "discrimination, abuse of process, inhumane treatment, assault and battery, inadequate mental

2  health treatment, cruel and unusual punishment, vandalism, robbery, retaliation, reprisals,

3  terrorist threats, obstruction of justice, conspiracy, aiding and abetting, incompatible activity, and

4  being deprived of his constitutional rights under the First and Fourteenth Amendments to the

5  U.S. Constitution."  (Comp. at 2.)  Beyond these broad, sweeping and unspecific claims,

6  plaintiff's complaint contains few factual allegations involving the named defendants.[2]  Plaintiff

7  requests that each defendant named in the complaint be criminally charged and ordered to pay

8  him $4,100 in damages.  Plaintiff also requests that the court release him to his family and

9  friends where he will be safe and where he can obtain adequate mental health treatment.

10          The allegations in plaintiff's complaint are so vague and conclusory that the court

11  is unable to determine whether the current action is frivolous or fails to state a claim for relief.

12  The complaint does not contain a short and plain statement as required by Fed. R. Civ. P. 8(a)(2).

13  Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice to

14  the defendants and must allege facts that support the elements of the claim plainly and succinctly.

15

16          [2]  There are exceptions.  In this regard, plaintiff alleges that defendants Baughman, Masuret, and their committee have disregarded his medical concerns and informed him that he
17  will not receive enhanced outpatient treatment while in CDCR custody.  Plaintiff also alleges that defendant Stotts has disrupted his mental health treatment and conspired to move him to a double
18  cell in order to receive additional funding from the federal government.  Plaintiff alleges that when he refused to give up his "rights" to a single cell, defendant Stotts threatened him with false
19  rules violation reports.  Plaintiff claims that defendant Gibson aided and abetted defendant Stotts when he subsequently found plaintiff guilty of a false 115 and deprived him of his recreational
20  therapy.  Plaintiff alleges that defendant Barleski told him that, because he refused to help the Green Wall Gang receive additional federal funds, his property was being vandalized and stolen
21  out of his assigned cell.  Thereafter, plaintiff returned to his cell and several inmates allegedly told him that defendant Darosa had taken and vandalized his property.  Plaintiff asserts that when
22  he confronted defendant Darosa, he was told that New Folsom was Green Wall's prison, and they could do what they wanted.  Plaintiff alleges that defendants have threatened him with torture
23  and told him that the Green Wall Gang runs CDCR prisons.  In addition, plaintiff alleges that defendant Dickinson sprayed him with pepper spray and left him blind and scared for several
24  weeks.  Plaintiff also alleges that defendant Baughman subsequently apologized for authorizing the assault and said he would let plaintiff back on his yard as long as he did not inform the F.B.I.
25  about the assault.  Even these few allegations identifying specific acts allegedly engaged in by named defendants lack the necessary specificity to allow the court to determine whether this
26  action is frivolous or fails to state a cognizable claim for relief.

Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).  Plaintiff must allege

with at least some degree of particularity overt acts which defendants engaged in that support his

claims.  Id.  Because plaintiff has failed to comply with the requirements of Fed. R. Civ. P.

8(a)(2), the complaint must be dismissed.  The court will, however, grant leave to file an

amended complaint.

If plaintiff files an amended complaint, he is advised that he must sign his

complaint.  Fed. R. Civ. P. 11(a).  Although plaintiff included separate lines at the end of his

complaint for his signature and the date, plaintiff failed to actually sign and date the complaint.

Plaintiff is also advised that all defendants must be identified in the caption of his pleading, and

all defendants must be named, with position and place of employment, in the section of the form

designated for that purpose.  In addition, in the section of the complaint in which the plaintiff is

required to set forth a brief statement of the facts of the case, he must describe how each

defendant has deprived him of his constitutional rights.  There can be no liability under 42 U.S.C.

§ 1983 unless there is some affirmative link or connection between a defendant's actions and the

claimed deprivation.  Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167

(9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Plaintiff should clarify what constitutional right he believes each defendant has

violated and support each claim with factual allegations about each defendant's actions.  Plaintiff

opens his complaint by identifying more than twenty defendants and alleging that defendants

have engaged in a series of wrongdoings and deprived him of a number of constitutional rights.

However, plaintiff has not included any allegations against several of the named defendants.

Moreover, where plaintiff has included allegations against named defendants, he has failed to

allege any specific causal link between the claimed constitutional violations and the defendants

or he has failed to state a cognizable claim for relief.

If plaintiff files an amended complaint, the court advises him of the following

legal standards that govern his civil rights claims.  First, with regards to his mental health care

6

1   claims, plaintiff is advised that, in <u>Estelle v. Gamble</u>, 429 U.S. 97, 106 (1976), the Supreme

2   Court held that inadequate medical care did not constitute cruel and unusual punishment

3   cognizable under § 1983 unless the mistreatment rose to the level of "deliberate indifference to

4   serious medical needs."  In applying this standard, the Ninth Circuit has held that before it can be

5   said that a prisoner's civil rights have been abridged, "the indifference to his medical needs must

6   be substantial.  Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this

7   cause of action." <u>Broughton v. Cutter Lab.</u>, 622 F.2d 458, 460 (9th Cir. 1980) (citing <u>Estelle</u>,

8   429 U.S. at 105-06).

9           The "deliberate indifference" standard also applies in cases involving the

10  adequacy of mental health care in prisons.  <u>Doty v. County of Lassen</u>, 37 F.3d 540, 546 (9th Cir.

11  1994); <u>Hoptowit v. Ray</u>, 682 F.2d 1237, 1253 (9th Cir. 1982).  To establish unconstitutional

12  treatment of a mental health condition, "a prisoner must show deliberate indifference to a

13  'serious' medical need."  <u>Doty</u>, 37 F.3d at 546 (quoting <u>McGuckin v. Smith</u>, 974 F.2d 1050,

14  1059 (9th Cir. 1991)).  A medical need is "serious if the failure to treat a prisoner's condition

15  could result in further significant injury or the 'unnecessary and wanton infliction of pain.'"

16  <u>Doty</u>, 37 F.3d  at 546 (quoting <u>McGuckin</u>, 974 F.2d at 1059).

17          Second, with regards to his property claims, plaintiff is advised that the United

18  States Supreme Court has held that "an unauthorized intentional deprivation of property by a

19  state employee does not constitute a violation of the procedural requirements of the Due Process

20  Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is

21  available." <u>Hudson v. Palmer</u>, 468 U.S. 517, 533 (1984).  Thus, where the state provides a

22  meaningful postdeprivation remedy, only authorized, intentional deprivations constitute

23  actionable violations of the Due Process Clause.  An authorized deprivation is one carried out

24  pursuant to established state procedures, regulations, or statutes.  <u>Piatt v. McDougall</u>, 773 F.2d

25  1032, 1036 (9th Cir. 1985); <u>see also</u> <u>Knudson v. City of Ellensburg</u>, 832 F.2d 1142, 1149 (9th

26  Cir. 1987).

1    In his complaint, plaintiff has not alleged any facts suggesting that the taking of

2    his property was authorized.  The California Legislature has provided a remedy for tort claims

3    against public officials in California Government Code, §§ 900, et seq.  If plaintiff has not

4    attempted to seek redress in the state system, he will not be able to sue in federal court on the

5    claim that the state deprived him of property without due process of the law.

6    Third, with regards to his excessive use of force claims, plaintiff is advised that

7    the Eighth Amendment prohibits the infliction of "cruel and unusual punishments."  U.S. Const.

8    amend. VIII.  It is well established that the "unnecessary and wanton infliction of pain"

9    constitutes cruel and unusual punishment prohibited by the United States Constitution.  Whitley

10   v. Albers, 475 U.S. 312, 319 (1986).  See also Ingraham v. Wright, 430 U.S. 651, 670 (1977);

11   Estelle v. Gamble, 429 U.S. 97, 105-06 (1976).  Neither accident nor negligence constitutes cruel

12   and unusual punishment, as "[i]t is obduracy and wantonness, not inadvertence or error in good

13   faith, that characterize the conduct prohibited by the Cruel and Unusual Punishments Clause."

14   Whitley, 475 U.S. at 319.

15   What is needed to show unnecessary and wanton infliction of pain "varies

16   according to the nature of the alleged constitutional violation."  Hudson v. McMillian, 503 U.S.

17   1, 5 (1992) (citing Whitley, 475 U.S. at 320).  The plaintiff must show that objectively he

18   suffered a sufficiently serious deprivation and that subjectively each defendant had a culpable

19   state of mind in allowing or causing the plaintiff's deprivation to occur.  Wilson v. Seiter, 501

20   U.S. 294, 298-99 (1991).

21   Fourth, to the extent plaintiff is attempting to pursue a claim that prison officials

22   failed to protect him, plaintiff is advised that the Supreme Court has held that a prison official

23   violates the Eighth Amendment "only if he knows that inmates face a substantial risk of serious

24   harm and disregards that risk by failing to take reasonable measures to abate it."  Farmer v.

25   Brennan, 511 U.S. 825, 847 (1994).  Under this standard, a prison official must have a

26   /////

"sufficiently culpable state of mind," one of deliberate indifference to the inmate's health or safety.  Id. at 834.

Finally, plaintiff is advised that verbal harassment or abuse generally does not violate the Constitution and thus does not give rise to a claim for relief under 42 U.S.C. § 1983.  Austin v. Terhune, 367 F.3d 1167, 1171-72 (9th Cir. 2004); Oltarzewski v. Ruggiero, 830 F.2d 136, 139 (9th Cir. 1987) (vulgar language and verbal harassment do not state a constitutional deprivation under § 1983.  Even verbal conduct that constitutes a threat does not rise to the level of a constitutional violation.  Gaut v. Sunn, 810 F.2d 923, 924 (9th Cir. 1987).

Plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete.  Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading.  This is because, as a general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

Also before the court is plaintiff's request for appointment of counsel.  The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases.  Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989).  In certain exceptional circumstances, the district court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1).  Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

The test for exceptional circumstances requires the court to evaluate the plaintiff's likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved.  See Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986); Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983).  Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not

1  establish exceptional circumstances that would warrant a request for voluntary assistance of

2  counsel.  In the present case, the court does not find the required exceptional circumstances.

3          Accordingly, IT IS HEREBY ORDERED that:

4        1.  The court's January 9, 2008 findings and recommendations are vacated.

5        2.  Plaintiff's February 26, 2008 application to proceed in forma pauperis is

6  granted.

7        3.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.

8  Plaintiff is assessed an initial partial filing fee of $11.67.  All fees shall be collected and paid in

9  accordance with this court's order to the Director of the California Department of Corrections

10  and Rehabilitation filed concurrently herewith.

11        4.  Plaintiff's complaint is dismissed.

12        5.  Plaintiff is granted thirty days from the date of service of this order to file an

13  amended complaint that complies with the requirements of the Civil Rights Act, the Federal

14  Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the

15  docket number assigned to this case and must be labeled "Amended Complaint"; failure to file an

16  amended complaint in accordance with this order will result in a recommendation that this action

17  be dismissed without prejudice.

18        6.  The Clerk of the Court is directed to send plaintiff the court's form for filing a

19  civil rights action.

20        7.  Plaintiff's October 22, 2007 request for appointment of counsel is denied.

21  DATED: March 7, 2008.

22

23                          _Dale A. Drozd_____

24                    DALE A. DROZD

25                    UNITED STATES MAGISTRATE JUDGE

DAD:9
gree2487.14

26

10