IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LONZELL GREEN,

        Plaintiff,                  No. CIV S-07-2487 LKK DAD P

    vs.

JAMES WALKER, et al.,

        Defendants.          <u>ORDER</u>

/

        Plaintiff is a state prisoner proceeding pro se and in forma pauperis with an action filed pursuant to 42 U.S.C. § 1983. Pending before the court is plaintiff's amended complaint and two motions filed by plaintiff seeking preliminary injunctive relief.

**SCREENING REQUIREMENT**

        The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1) & (2).

/////

1

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, ___, 127 S. Ct. 1955, 1965 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). However, in order to survive dismissal for failure to state a claim a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic, 127 S. Ct. at 1965. In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

In plaintiff's amended complaint, he names more than thirty defendants. He alleges that he arrived at CSP-Sacramento in 2006 as a patient in the Enhanced Outpatient Program ("EOP"). Plaintiff alleges that he has repeatedly expressed his desire for adequate mental health treatment, but he has not received it. He contends that he has previously attempted suicide and takes psychotropic medication. He also alleges that he is entitled to a single cell but claims that defendants have ignored his expressed concerns about being housed with other inmates. (Am. Compl. at 14.)

In addition, plaintiff claims that defendants have retaliated against him for filing administrative grievances regarding his inadequate mental health care and his cell assignments. For example, plaintiff alleges that defendants have removed him from the EOP program, denied him recreational yard therapy, issued him administrative segregation lock-up orders, and denied him due process at disciplinary hearings. He further alleges that defendants have interrupted his visits with family and friends, disrupted his law studies, and interfered with his mental health treatment sessions. He also claims that defendants have threatened to transfer him, stolen and destroyed his property, and tried to pressure him into signing false affidavits. (Am. Compl. at 16-24, 29.)

Moreover, plaintiff alleges that certain defendants who are members of the "green wall gang" have instructed a fellow inmate to kill him. Plaintiff alleges that he woke up on October 17, 2006 to an inmate attack and suffered a broken nose, busted lip, and bloody back area. Plaintiff alleges that prison officials issued him a rules violation for "mutual combat," and after conducting a "kangaroo hearing" on the charge, found him not guilty. In addition, plaintiff alleges that "green wall gang" members have assaulted him with pepper spray and have threatened him with rules violation charges if he does not participate in "green wall gang" fights, which consist of inmates brutally assaulting one another. (Am. Compl. at 19 & 31-32.)

Finally, plaintiff alleges that defendants have subjected him to unsanitary conditions with respect to his meals. He claims that he has sustained food poisoning as a result of the refusal by some defendants to wear kitchen hats and change gloves after touching items other than food trays. Plaintiff claims that defendants continue to yell orders over food trays and rub their noses and other body parts during food service. (Am. Compl. at 22.)

In terms of relief, plaintiff requests declaratory relief, injunctive relief, and compensatory and punitive damages. (Am Compl. at 40-41.)

Based on the allegations in plaintiff's amended complaint, the court is unable to determine whether the current action is frivolous or fails to state a claim for relief. The amended

complaint does not contain a short and plain statement as required by Fed. R. Civ. P. 8(a)(2). See, e.g., Hearns v. San Bernardino Police Dep't, 530 F.3d 1124, 1131-32 (9th Cir. 2008) (a complaint that is "so verbose, confused, and redundant that its true substance, if any, is well disguised" violates Rule 8). Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice to the defendants and must allege facts that support the elements of the claim plainly and succinctly. Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). Plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support his claims. Id. Because plaintiff has failed to comply with the requirements of Fed. R. Civ. P. 8(a)(2), the amended complaint must be dismissed. In the interests of justice, the court will grant plaintiff leave to file a second amended complaint.

If plaintiff chooses to file a second amended complaint, plaintiff must demonstrate how the conditions complained of resulted in a deprivation of plaintiff's federal constitutional or statutory rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). The court notes that plaintiff has named more than thirty defendants in this action. However, he has failed to allege in specific terms how each named defendant was involved in the deprivation of his rights. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Vague and conclusory allegations of official participation in civil rights violations are not sufficient. Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, if plaintiff elects to proceed with this action by filing a second amended complaint, he is advised of the following legal standards that govern his claims. First, with regards to plaintiff's claim about inadequate mental health care, he is advised that in Estelle v. Gamble, 429 U.S. 97, 106 (1976), the Supreme Court held that inadequate medical care did not constitute cruel and unusual punishment cognizable under § 1983 unless the mistreatment rose to the level of "deliberate indifference to serious medical needs." In applying this standard,

the Ninth Circuit has held that before it can be said that a prisoner's civil rights have been abridged, "the indifference to his medical needs must be substantial. Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." Broughton v. Cutter Lab., 622 F.2d 458, 460 (9th Cir. 1980) (citing Estelle, 429 U.S. at 105-06).

The "deliberate indifference" standard also applies in cases involving the adequacy of mental health care in prisons. Doty v. County of Lassen, 37 F.3d 540, 546 (9th Cir. 1994); Hoptowit v. Ray, 682 F.2d 1237, 1253 (9th Cir. 1982). To establish unconstitutional treatment of a mental health condition, "a prisoner must show deliberate indifference to a 'serious' medical need." Doty, 37 F.3d at 546 (quoting McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1991)). A medical need is "serious if the failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain.'" Doty, 37 F.3d at 546 (quoting McGuckin, 974 F.2d at 1059).

In his amended complaint, plaintiff has not sufficiently alleged that defendants were deliberately indifferent to his medical needs. Plaintiff appears to claim that defendants Walker and Baughman have interfered with his mental health care by refusing to provide him with a single cell. However, plaintiff has not explained why he needs a single cell or why a double-cell is inadequate for purposes of his mental health care. Plaintiff only expresses concern about being assigned to a cell with other inmates who may have possible diseases or who may possess contraband for which he could be held responsible. (Am. Compl. at 14-15.) Such allegations are not sufficient to state a cognizable claim for relief.

Second, with regard to plaintiff's claim concerning alleged retaliation, plaintiff is advised that both initiating litigation in this court and filing administrative grievances are protected activities, and it is impermissible for prison officials to retaliate against prisoners for engaging in such activities. See Rhodes v. Robinson, 408 F.3d 559, 568 (9th Cir. 2005). As the Ninth Circuit has explained:

/////

> Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal.

Rhodes, 408 F.3d at 567-68.

However, plaintiff claims that virtually every named defendant in this action has retaliated against him. Plaintiff is advised that a retaliation claim cannot simply rest on the logical fallacy of *post hoc, ergo propter hoc*, literally, "after this, therefore because of this." See also Huskey v. City of San Jose, 204 F.3d 893, 899 (9th Cir. 2000). Moreover, in plaintiff's amended complaint, he appears to contradict some of his own allegations, suggesting that defendants' actions were not motivated by plaintiff's filing of inmate grievances or civil actions in this court. For example, plaintiff alleges that defendants Mendoza, Tennison, and Baughman transferred him to Kern Valley State Prison on August 13, 2007, for informing the federal courts about "green wall gang" misconduct. However, plaintiff also acknowledges that he was transferred to Kern Valley State Prison so that he could appear at an arraignment in court. Plaintiff further acknowledges that he returned to CSP-Sacramento two weeks later on August 27, 2007. Therefore, it does not appear that plaintiff's allegations state a cognizable claim that defendants retaliated against plaintiff in this instance. (Am. Compl. at 25-26.)

Third, with respect to plaintiff's deprivation of property claims, he is advised that the Supreme Court has held that "an unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is available." Hudson v. Palmer, 468 U.S. 517, 533 (1984). Thus, where the state provides a meaningful postdeprivation remedy, only authorized, intentional deprivations constitute actionable violations of the Due Process Clause. An authorized deprivation is one carried out pursuant to established state procedures, regulations, or statutes. Piatt v. McDougall, 773 F.2d

1032, 1036 (9th Cir. 1985); see also Knudson v. City of Ellensburg, 832 F.2d 1142, 1149 (9th Cir. 1987).

In his amended complaint, plaintiff has not alleged any facts suggesting that the taking of his property was authorized. Rather, plaintiff alleges that defendants illegally confiscated, vandalized, and destroyed his property. The California Legislature has provided a remedy for tort claims against public officials in California Government Code, §§ 900, et seq. If plaintiff has not attempted to seek redress in the state system, he will not be able to sue in federal court on the claim that the state deprived him of property without due process of the law.

Fourth, with respect to plaintiff's due process claims, he is advised that prison officials may not deprive an inmate of liberty without due process of law. See Wolff v. McDonnell, 418 U.S. 539, 556 (1974). Where an inmate is placed in segregation for administrative purposes, due process requires only the following:

> Prison officials must hold an informal nonadversary hearing within a reasonable time after the prisoner is segregated. The prison officials must inform the prisoner of the charges against the prisoner or their reasons for considering segregation. Prison officials must allow the prisoner to present his views.
>
> We specifically find that the due process clause does not require detailed written notice of charges, representation by counsel or counsel-substitute, an opportunity to present witnesses, or a written decision describing the reasons for placing the prisoner in administrative segregation. We also find that due process does not require disclosure of the identity of any person providing information leading to the placement of a prisoner in administrative segregation.

Toussaint v. McCarthy, 801 F.2d 1080, 1100-01 (9th Cir. 1986) (internal citations and footnote omitted).

In his amended complaint, plaintiff appears to claim that at various disciplinary hearings, defendants failed to provide him with due process. However, plaintiff fails to explain who denied him of due process or what protections they allegedly denied him. As noted above, plaintiff must allege in specific terms how each named defendant was involved in the deprivation

of his rights.  In this regard, plaintiff must allege some affirmative link or connection between a defendant's actions and the claimed deprivation.  Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Fifth, with respect to plaintiff's Eighth Amendment claims regarding the alleged serving of unsanitary food, he is advised that the "unnecessary and wanton infliction of pain" constitutes cruel and unusual punishment prohibited by the United States Constitution.  Whitley v. Albers, 475 U.S. 312, 319 (1986).  See also Ingraham v. Wright, 430 U.S. 651, 670 (1977); Estelle v. Gamble, 429 U.S. 97, 105-06 (1976).  However, neither accident nor negligence constitutes cruel and unusual punishment, because "[i]t is obduracy and wantonness, not inadvertence or error in good faith, that characterize the conduct prohibited by the Cruel and Unusual Punishments Clause." Whitley, 475 U.S. at 319.  What is needed to show unnecessary and wanton infliction of pain "varies according to the nature of the alleged constitutional violation."  Hudson v. McMillian, 503 U.S. 1, 5 (1992) (citing Whitley, 475 U.S. at 320).  Plaintiff must allege facts showing that objectively he suffered a sufficiently serious deprivation and that subjectively each defendant had a culpable state of mind in allowing or causing the plaintiff's deprivation to occur.  Wilson v. Seiter, 501 U.S. 294, 298-99 (1991).

In his amended complaint, plaintiff complains about unpleasant and unsanitary conditions of confinement.  However, it is well established that the routine discomfort inherent in the prison setting is inadequate to satisfy the objective prong of an Eighth Amendment inquiry.  Only those deprivations denying "the minimal civilized measure of life's necessities" are sufficiently grave to form the basis of an Eighth Amendment violation." Rhodes v. Chapman, 452 U.S. 337, 347 (1981).  Even assuming plaintiff's allegations to be true, plaintiff's alleged deprivations do not appear to inflict pain or punishment of a constitutional magnitude.

Finally, the court notes that plaintiff has included in his amended complaint new allegations regarding events that have allegedly occurred since he filed this action.  (Am. Compl.

at 33-36.) Plaintiff is advised that the Supreme Court has ruled that exhaustion of prison administrative procedures is mandated regardless of the relief offered through such procedures. Booth v. Churner, 532 U.S. 731, 741 (2001). A California prisoner is required to submit an inmate appeal at the appropriate level and proceed to the highest level of review available before filing suit. Butler v. Adams, 397 F.3d 1181, 1183 (9th Cir. 2005); Bennett v. King, 293 F.3d 1096, 1098 (9th Cir. 2002).

Plaintiff is cautioned that any new claims that he did not exhaust prior to filing this action may be subject to dismissal if he includes them in his second amended complaint. See Vaden v. Summerhill, 449 F.3d 1047, 1051 (9th Cir. 2006) (a prisoner "may initiate litigation in federal court only after the administrative process ends and leaves his grievances unredressed"); McKinney v. Carey, 311 F.3d 1198, 1199 (9th Cir. 2002) (rejecting prisoner's request for a stay so that he could pursue exhaustion of administrative remedies).

Plaintiff is reminded that the court cannot refer to prior pleadings in order to make his second amended complaint complete. Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files a second amended complaint, the prior pleading no longer serves any function in the case. Therefore, in a second amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

**OTHER MATTERS**

Also pending before the court are two motions for preliminary injunctive relief filed by plaintiff. In the first such motion, plaintiff claims that defendants are denying him adequate access to the telephone thereby preventing him from speaking with friends, family, and attorneys. In his second motion, plaintiff repeats his allegation that defendants are denying him adequate access to the telephone. He also claims in general that defendants continue to retaliate against him and refuse to provide him with adequate mental health care in accordance with the

Correctional Clinical Case Management System Policy, which allegedly includes medication, counseling, group therapy, social skills training, family counseling, and occupational therapy.

Plaintiff's motions are defective, premature, and so vague and conclusory that the court is unable to determine whether plaintiff is entitled to relief. First, plaintiff's motions are defective because they do not comply with the Local Rules of this court. Plaintiff is advised that the court will not entertain any future request or motion for preliminary injunctive relief that is not supported by (1) a declaration signed under penalty of perjury on the question of irreparable injury, (2) a memorandum of points and authorities addressing all legal issues raised by the motion, and (3) evidence of notice to all persons who would be affected by the order sought. See Local Rule 65-231.

Second, plaintiff's motions are premature because no defendants have been served at this time and thus they have not been provided an opportunity to respond to plaintiff's allegations. See Zepeda v. United States Immigration Service, 753 F.2d 719, 727 (9th Cir. 1985) ("A federal court may issue an injunction if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may not attempt to determine the rights of persons not before the court."). Moreover, this court is unable to issue an order against individuals who are not parties to a suit pending before it. See Zenith Radio Corp. v. Hazeltine Research, Inc., 395 U.S. 100, 112 (1969). In plaintiff's first motion for preliminary injunctive relief, he appears to claim that gun tower officers Jones, Hampton, and Lujan are running his cell block in a manner that has led to inmates being denied adequate access to the telephone. However, plaintiff has not named these officers as defendants in this action. Nor is it clear from plaintiff's motion whether these officers were directly involved in allegedly denying plaintiff adequate access to the telephone.

Finally, plaintiff's motions are so vague and conclusory that the court is unable to determine whether plaintiff is entitled to relief. With respect to plaintiff's claim of inadequate access to the telephone, plaintiff is advised that he has a constitutional right to access the courts,

which encompasses the right to speak with counsel over the telephone. Hydrick v. Hunter, 500 F.3d 978, 999-1000 (9th Cir. 2007). However, it is not clear from plaintiff's motion who he claims has denied him adequate access to the telephone or when or for how long they have allegedly denied him such access. Nor has plaintiff alleged any injury suffered as a result of the alleged deprivation of telephone privileges. Similarly, with respect to plaintiff's claims regarding inadequate mental health care and retaliation, it is not clear from plaintiff's motion who he claims has deprived him of his constitutional rights or how their actions have so deprived him. In this regard, the court cannot determine whether any of the defendants' alleged actions may have risen to the level of deliberate indifference. Nor can the court determine whether any of the defendants' alleged actions may have been undertaken with a retaliatory motive.

      Plaintiff is advised that the legal principles applicable to a request for injunctive relief are well established. To prevail, the moving party must show either a likelihood of success on the merits and the possibility of irreparable injury, or that serious questions are raised and the balance of hardships tips sharply in the movant's favor. See Coalition for Economic Equity v. Wilson, 122 F.3d 692, 700 (9th Cir. 1997); Oakland Tribune, Inc. v. Chronicle Publ'g Co., 762 F.2d 1374, 1376 (9th Cir. 1985). In cases brought by prisoners involving conditions of confinement, any preliminary injunction "must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct the harm." 18 U.S.C. § 3626(a)(2).

      Here, plaintiff has not shown a likelihood of success on the merits and the possibility of irreparable injury, nor has he demonstrated that serious questions are raised and the balance of hardships tips sharply in the his favor. Accordingly, for all of the foregoing reasons, plaintiff's motions for preliminary injunctive relief will be denied without prejudice.

/////

/////

/////

**CONCLUSION**

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's amended complaint (Doc. No. 14) is dismissed;

2. Plaintiff is granted thirty days from the date of service of this order to file a second amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the second amended complaint must bear the docket number assigned to this case and must be labeled "Second Amended Complaint"; failure to file a second amended complaint in accordance with this order will result in a recommendation that this action be dismissed without prejudice;

3. Plaintiff's April 16, 2008 and June 3, 2008 motions for preliminary injunctive relief (Doc. Nos. 13 & 16) are denied without prejudice; and

4. The Clerk of the Court is directed to send plaintiff the court's form for filing a civil rights action.

DATED: February 25, 2009.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:9
gree2487.14am